**Louis SIMONYE, Plaintiff,**

**v.**

**Albert NELSON, Defendant.**

**Civ. A. No. 76–46–C2.**

United States District Court, D. Kansas.

March 31, 1981.

Sloan R. Wilson, McMullin, Wilson & Schwarz, Kansas City, Mo., Charles L. Davis, Davis, Unrein & Hummer, Topeka, Kan., for plaintiff.

Charles W. Harris, Curfman, Harris & Weigand, Wichita, Kan., for defendant.

## ORDER

SAFFELS, District Judge.

This case was tried before a jury upon a common-law cause of action for alienation of affections. Upon defendant's motion pursuant to F.R.C.P. 50(a) at the close of plaintiff's evidence, the Court directed a verdict in favor of defendant. This Order shall memorialize the oral ruling of the Court.

The facts of this case are not in dispute. Plaintiff's ex-wife and the defendant met while on a Flying Farmers tour to Alaska in 1966. A few months later they began an affair at a Flying Farmers convention in Louisville, Kentucky. This affair continued for some thirteen years, during which period both divorced their spouses and married. Defendant, who owned an aircraft parts manufacturing firm in Wichita, Kansas, was the modern-day traveling salesman crossing the country in his airplane, with frequent stops in New Jersey where the plaintiff and his ex-wife lived. When the two lovers were parted, they exchanged letters and telephone calls from their homes.

This multi-state affair presents the Court with the problem of which state's law should be applied to the facts of this case.

Plaintiff would have us apply Kansas law or Kentucky law. Defendant has stated that New Jersey law should apply. We summarily dismiss any application of Kentucky law under any conflicts analysis.

Despite disapproval of the cause of action and a national trend to abolish it, suits of alienation of affections are still viable in Kansas. The reluctance of the Kansas Supreme Court and the Kansas Legislature to abolish this archaic action gives rise to such suits as this in which parties' private lives are made public and scrutinized to determine if the defendant willfully and maliciously violated the sanctity of the plaintiff's marriage. The implication in these suits is that the wayward spouse has no control over his or her own emotions to the point that another human being may destroy the feelings held for the plaintiff. In a society where men and women are sensing an ever-growing awareness of individuality and emotional freedom, such a cause of action based upon this implication is abhorrent. However, the law of Kansas continues to approve the cause of action to the extent outlined in *Long v. Fischer*, 210 Kan. 21, 499 P.2d 1063 (1972).

New Jersey has followed the national trend in abolishing suits for alienation of affection by statute. (*See* New Jersey Statutes 2A:23–1.) The constitutionality of this statute was upheld in *Bunten v. Bunten*, 15 N.J.Misc. 532, 192 A. 727 (1937). We believe under any conflict of laws analysis the law of New Jersey must be applied to the facts of this case.

The marital relationship was domiciled and destroyed in New Jersey. Plaintiff testified that he and his wife were married in New Jersey, lived in New Jersey all their married life, and were divorced under a New Jersey divorce decree. Thus, the place of the wrong or the place where the alienation of plaintiff's wife's affections occurred was in New Jersey. In contrast, the only Kansas contacts were the letters mailed by defendant from Wichita, Kansas, and the trips he initiated in Wichita. These contacts are not of such significance to outweigh the nexus to the state of New Jersey.

Accordingly, applying the law of the state of New Jersey to the facts of this case, plaintiff has not stated a cause of action upon which relief may be granted. Therefore, defendant is entitled to a verdict in his favor.

IT IS BY THE COURT THEREFORE ORDERED that judgment shall be entered in the above-captioned case in favor of the defendant, and plaintiff shall take nothing. The costs of this action are to be taxed to plaintiff.

IT IS SO ORDERED.